IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHAWN KEVIN JACKSON,<br><br>Defendant. | CR 07-26-H-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Shawn Kevin Jackson (Jackson) has been accused of violating the conditions of his supervised release. Jackson admitted all of the alleged violations, except alleged violation 1. The government failed to satisfy its burden of proof with respect to alleged violation 1. Jackson's supervised release should be revoked. Jackson should be placed in custody for 6 months, with a lifetime of supervised release to follow. Jackson should serve the first 6 months of his supervised release under home confinement. During the period of home confinement, Jackson should be restricted to his residence at all times except for activities pre-approved by the United States Probation Office.

## II. Status

Jackson was found guilty of Receipt of Child Pornography and Possession of Child Pornography following a jury trial on April 10, 2008. (Doc. 48). The Court sentenced Jackson to 75 months of custody, followed by a lifetime of supervised release. (Doc. 80). Jackson's current term of supervised release began on May 12, 2022. (Doc. 167 at 2).

**Petition**

The United States Probation Office filed a Petition on February 8, 2023, requesting that the Court revoke Jackson's supervised release. (Doc. 167). The Petition alleged that Jackson had violated the conditions of his supervised release: 1) by possessing more than one data storage device without obtaining the prior approval of his probation officer; 2) by knowingly possessing sexually explicit materials; 3) by failing to follow the instructions of his probation officer; and 4) by failing to successfully complete his sex offender treatment program.

**Initial appearance**

Jackson appeared before the undersigned for his initial appearance on March 16, 2023. Jackson was represented by counsel. Jackson stated that he had read the petition and that he understood the alleged violation. Jackson waived his right to a preliminary hearing. The parties consented to proceed with the

2

revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 16, 2023. Jackson admitted that he had violated terms of his supervised release: 1) by knowingly possessing sexually explicit materials; 2) by failing to follow the instructions of his probation officer; and 3) by failing to successfully complete his sex offender treatment program. Jackson denied alleged violation 1. The government failed to satisfy its burden of proof with respect to alleged violation 1. The violations that Jackson admitted are serious and warrant revocation of Jackson's supervised release.

Jackson's violations are Grade C violations. Jackson's criminal history category is I. Jackson's underlying offenses are Class C felonies. Jackson could be incarcerated for up to 24 months. Jackson could be ordered to remain on supervised release for up to life. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Jackson's supervised release should be revoked. Jackson should be incarcerated for 6 months, with a lifetime of supervised release to follow. This sentence is sufficient but not greater than necessary. Jackson should serve the

first 6 months of his supervised release under home confinement. During the period of home confinement, Jackson should be restricted to his residence at all times except for activities pre-approved by the United States Probation Office.

## IV. Conclusion

The Court informed Jackson that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Jackson of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Jackson that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Shawn Kevin Jackson violated the conditions of his supervised release: by knowingly possessing sexually explicit materials; by failing to follow the instructions of his probation officer; and by failing to successfully complete his sex offender treatment program.

The Court **RECOMMENDS:**

> That the District Court revoke Jackson's supervised release and commit Jackson to the custody of the United States Bureau of Prisons for 6 months, with a lifetime of supervised release to follow. Jackson should serve the first 6 months of his supervised release under home confinement. During the period of home confinement, Jackson should be restricted to his residence at all times except for activities pre-approved by the United States Probation Office.

4

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 20th day of March, 2023.

John Johnston
United States Magistrate Judge